WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William C. Lewis, | No. cv-07-1644-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Carey Smith, et al., | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 32). Plaintiff was granted a default judgment against Defendants William Whalen and Stephen Beardslee in an action for breach of contract under Arizona law, which provides:

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. . . . The court shall award reasonably attorney fees in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and is not made in good faith.

A.R.S. § 12-341.01. The Arizona Supreme Court has laid out a number of factors useful in determining whether attorney's fees should be granted, including the merits of the claim or defense presented by the unsuccessful party, whether the litigation could have been avoided or settled, whether assessing fees would cause an extreme hardship to the unsuccessful party, whether the successful party did not prevail with respect to all of the relief sought, the novelty of the legal question presented, whether such claim or defense had been previously

adjudicated in this jurisdiction, and whether an award of fees would discourage other parties with tenable claims or defenses from litigating them. Associated Indem. Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz. 1985). Discretion is vested "in the trial court to determine the circumstances appropriate for the award of fees." Id.

Plaintiff here has made no showing as to any of these factors. In fact, his Memorandum in Support notes that the Defaulted Defendants never appeared in this action, which means that Plaintiff did not accrue attorneys fees defending against meritless defenses or counterclaims. Nor has Plaintiff made any showing that the litigation could have been avoided altogether through the reasonable actions of the Defaulted Defendants, or demonstrated its entitlement through consideration of any other of the Warner factors.

Ultimately, it is inappropriate to grant attorneys fees on such a scanty showing. Accordingly,

**IT IS ORDERED** Plaintiff's Motion is **DENIED**. Plaintiff may refile his Motion with ten (10) days of this Order if he is able to demonstrate his entitlement to fees under the statute or the parties' Agreement.

DATED this 16th day of July, 2009.

_____
Roslyn O. Silver
United States District Judge